# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>        Plaintiff,<br><br>    v.<br><br>SAO, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00681-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff James Carl Kelly ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 17, 2019. (ECF No. 1.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's certified trust account statement was filed on May 20, 2019. (ECF No. 5.)

      Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that between June 4, 2018 until December 3, 2018, while he was housed at Salinas Valley State Prison, he was unable to respond to court deadlines because the prison kept going on modified program or because of Plaintiff's medication issues. The prison's modified program and his medication issues caused Plaintiff to have trouble getting to the law library. Plaintiff states that although he did not suffer a physical injury, these actions have caused him to miss court deadlines in several cases. (ECF No. 1.)

Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. As Plaintiff noted, he has not suffered any physical injury as a result of the allegations set forth in the complaint, all of which occurred at Salinas Valley State Prison from June 4, 2018 until December 3, 2018. At the time of filing, nearly six months after the alleged incidents, Plaintiff was housed at California State Prison – Los Angeles. Therefore, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

///

///

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) <u>Kelly v. Youngblood</u>, Case No. 2:04-cv-02462-WBS-DAD (E.D. Cal.) (dismissed on December 29, 2004 for failure to exhaust clear from the face of complaint); (2) <u>Kelly v. Gyorkey</u>, Case No. 2:11-cv-02142-WBS-EFB (E.D. Cal.) (dismissed on August 6, 2012 for failure to state a claim); (3) <u>Kelly v. Elit</u>, Case No. 1:18-cv-00019-DAD-SAB (E.D. Cal.) (dismissed on June 25, 2018 for failure to state a claim); (4) <u>Kelly v. Islam</u>, Case No. 1:18-cv-00018-DAD-JDP (E.D. Cal.) (dismissed on December 4, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim). <u>See</u> <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 21, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE